Freeman, J.,
delivered the opinion of the Court.
This was an action of trespass commenced by defendant in error against the plaintiffs in error and others, in the Circuit Court of Hancock county.
The summons was issued on the 27th of September? 1865, and on same day an ancillary attachment was issued and levied on the property of defendants. The *17 summons was returned “not to be found,” by the Sheriff, on the 15th day of January, 1866, as to all of the defendants. Thereupon a judicial attachment was ordered by the Court, on the 23d day of January, 1866, which was issued 23d day of February, 1866, and levied on property of defendants on 27th day of April, 1866.
On the 14th day of April, 1866, an order of publication was made by the Clerk, requiring the party to appear on the 4th Monday in May, 1866.
The declaration was filed on the 30th of May, 1866, and on the 20th day of September, 1866, judgment by default was taken against Henry Riley and the other defendants. At May Term, 1866, the writ of inquiry ordered was executed by a jury, who assessed complainant’s damages at five thousand dollars, for which sum judgment was entered by the Court, to reverse which judgment, the defendants prosecute their writ of error in this Court.
"We need not notice the ancillary attachment or the proceedings under the same, as that was abandoned by complainant and resort had to judicial attachment, under which the property levied on was ordered to be sold. Suffice it to say that, in the opinion of the majority of the Court, said ancillary attachment was essentially defective, and void.
This case turns entirely upon the question of the validity and regularity of the proceedings under the judicial attachment. Several objections are taken, and, we think, properly.
The first objection presented, is, that the judgment, by default, is void, for want of legal notice to defendants, of the suit against them.
*18 The provisions of the Code. are. as follows:
“As soon as the attachment is levied upon property of defendant, the Justice or Clerk of the Court shall make out, in pursuance of the order of publication, a memoradum or notice thereof, and cause the same to be published forthwith, in some convenient newspaper, according to law.” See § 3521.
Section 3522 provides: This memorandum or notice shall contain the names of the parties, the style of the Court to which the attachment is made returnable, the cause alleged for suing it out, and the time and place at which the defendant is required to appear and defend the attachment suit.
Section 3524 provides, that, the attachment and publication are in lieu of personal service upon the defendant, and the plaintiff may proceed, upon the return of the attachment duly levied, as if the suit had been commenced by summons.
From these provisions, it is clear that the attachment levied, and a publication, as required by section 3522, is necessary before complainant is authorized to “proceed as if suit was commenced by regular summons.” A publication of memorandum, or notice, not containing the requirements of said section, is not the notice required by law, and would give the Court no jurisdiction to render judgment against the parties sought to be charged. Does this notice comply with these sections? "We think not.
It is as follows:
“Order of Publication, No. 2. — Jesse P. Nichols v. Henry Eiley et als, now pending in the Circuit Court of Hancock County, Tennessee. It appearing that the *19 defendants, Henry Riley, Hiram K. Riley, E. G. Anderson, G. B. Wallen, S. P. Riley and George Riley, are either non-residents, or so absconded, that personal service can not be made; it is therefore ordered that publication be made for four successive weeks in the New Era, a paper published in Greeneville, Tenn., notifying said defendants to appear at said Court on the 4th Monday in May next, and defend said suit, or they will be proceeded against ex parte.
“ W. B. Davis, Clerk.
“By Geo. R. Mitchell, D. C.”
Assuming that the above was duly published; though the fact nowhere appears in the record; it is, we think, essentially defective in several particulars.
It fails to show that the attachment had been levied on the property of the defendants, or that any attachment had ever been issued, against the property of defendants. It fails to show the cause or causes alleged for suing out the attachment. Without these requisites, the publication does not give the party that notice which is required by law, and it must be held that the Court acquired no jurisdiction to render judgment against the defendants sought to be brought into Court.
It is required by section 3523 of the Code, that the publication required by the preceding section, shall be made for four successive weeks, the last publication to be at least one week before the time fixed for defendant’s appearance. It is insisted that this was not done in this case. Unless it was done, the Court had no power to proceed to a judgment in the case.
It does not appear, affirmatively, in the case, at what *20 time, if at all, the publication was made, but- assuming that it was made, as the law directs, after the levy of the attachment, then the thirty-five days required before the case could be proceeded in, had not elapsed, from the 27th of April to the 4th Monday of May, when the defendants were required to appear.
There are other objections urged in argument, but we do not think it necessary to notice them, the questions settled in this opinion being decisive in the case.
The attachment in the case will be dismissed, the case reversed and remanded for further proceedings in the Circuit Court, and all cost incident to the issuance of the attachment, and the cost of this Court, will be paid by defendants in error.